**Opinion filed September 26, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00255-CR

_____

## RASHAD ROY BELL, Appellants

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 441st District Court

### Midland County, Texas

### Trial Court Cause No. CR 38,002

### M E M O R A N D U M   O P I N I O N

The jury found Rashad Roy Bell[1] guilty of felony murder and two counts of aggravated assault with a deadly weapon. The charges were the result of an

---

[1]We note that most of the documents in the record, including the judgments, reflect Appellant's name to be Rashad Roy Bell but that the indictment reflects his name as Roy Rashad Bell.

automobile collision. After it found the enhancement paragraphs true, the jury assessed punishment at confinement for sixty-five years and a fine of $10,000 for the felony murder conviction, confinement for thirty years and a fine of $5,000 for the first aggravated assault, and confinement for five years for the second aggravated assault. The trial court found that Bell participated in a criminal street gang, sentenced him according to the jury's assessment of punishment, and ordered that his sentences run concurrently. We affirm.

Bell presents two issues for review. In his first issue, Bell argues that the trial court abused its discretion when it admitted evidence of extraneous offenses under the same transaction contextual evidence exception to Rule 404(b) of the Texas Rules of Evidence. Bell alleges in his second issue that the trial court abused its discretion when it disqualified Bell's mother as a witness in the punishment phase of the trial for violating "The Rule."

Although there is no challenge to the sufficiency of the evidence, we provide the following for context. The evidence at trial showed that Bell entered Midtown Hotel just before 3:00 a.m. on October 14, 2010, and asked about room rates. He also asked for change for a dollar. When the receptionist opened the cash register, Bell leaned over the counter and took $170 from the register. Bell drove away from the hotel in a stolen vehicle. Within minutes of leaving the hotel, he ran a stop sign and struck a street sweeper. Bell was driving in excess of seventy-seven miles per hour in a thirty mile-per-hour zone. The passenger of the street sweeper, Ronnie Lee Randolph, was thrown from the sweeper and was pronounced dead at the scene. The driver of the street sweeper, Donald Clark, and the passenger in Bell's vehicle, Subrina Crystal Kalinoski, were seriously injured.

Prior to burglarizing the hotel, Bell and Kalinoski drove around Odessa and Midland looking for drugs and ways to buy drugs. The State presented evidence that, during the hours leading up to the collision, Bell committed numerous bad

2

acts: (1) he possessed and used crack cocaine numerous times throughout the day; (2) he was in possession of a baggie that contained white powder and a baggie that contained several "crack rocks" when treated at the hospital after the collision; (3) he attempted to sell fake cocaine in order to make money to buy real cocaine; (4) he stole money and other items from an acquaintance's vehicle; (5) he stole items from Wal-Mart and had Kalinoski's father return them for a credit card in order to exchange the credit card for crack; (6) he stole beer from 7-Eleven and exchanged it for crack; and (7) he stole Kalinoski's boyfriend's credit card and attempted to purchase items at Walgreen's and 7-Eleven with the card, as well as withdraw money from the account linked to the card. In addition, Bell tested positive for cocaine when he was treated at the hospital following the collision.

Bell's defense counsel objected to the admission of the numerous bad acts committed by Bell prior to the burglary of the hotel. Counsel made the objections under Texas Rules of Evidence 401, 403, and 404(b). The State argued that the extraneous offenses were admissible under the same transaction contextual evidence exception to Rule 404(b). The State also argued that the extraneous offenses were admissible under Rule 404(b) to show Bell's motive for the burglary, as well as to show a plan or common scheme and design for the day. The trial court overruled Bell's objections and admitted the extraneous offenses.

On appeal, Bell contends that the State offered the extraneous offenses to show character conformity and that the trial court erred when it admitted the offenses under the same transaction contextual evidence exception to Rule 404(b). Specifically, Bell argues that the extraneous offenses were not so intermixed with the charged offenses that the jury could not understand the charged offenses without the admission of the extraneous offenses. Although Bell states in his brief that the evidence was admitted in violation of Rules 401, 403, and 404, he does not

provide any explanation as to why the evidence should have been excluded under Rule 403.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.*

Rule 404(b) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). The rule further provides that evidence may be admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* Extraneous offense evidence may be admissible for purposes other than those expressly listed. *Devoe v.* State, 354 S.W.3d 457 (Tex. Crim. App. 2011); *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993); *Montgomery*, 810 S.W.2d at 388.

The evidence was admissible in this case to show Bell's intent and motive to burglarize the hotel—to steal money in order to buy more crack. *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003). In addition, Bell's defense was that he was not the driver of the vehicle when it collided with the street sweeper. The evidence leading up to the collision showed that Bell was with Kalinoski in the stolen vehicle all day and that the person Bell claimed was driving was not in the vehicle. Thus, the evidence was also admissible to rebut Bell's defense. *Id.*

The trial court's decision to admit the extraneous offense evidence was not outside the zone of reasonable disagreement. Therefore, the trial court did not abuse its discretion when it admitted the evidence. We overrule Bell's first issue.

Bell asserts in his second issue that the trial court erred when it disqualified Bell's mother from testifying after it found that she had violated Rule 614. TEX. R.

EVID. 614. Rule 614, "the Rule," provides for the exclusion of witnesses so that they cannot hear the testimony of other witnesses. Disqualification of a defense witness for a violation of the Rule must be viewed in light of the defendant's constitutional right to call witnesses on his behalf. *Webb v. State*, 766 S.W.2d 236, 240–41 (Tex. Crim. App. 1989). The trial court abuses its discretion in disqualifying a witness when there is not a showing that the violation of the Rule is due to the procurement or knowledge of the defendant and when the testimony is crucial to the defense. *Id.*

Before the trial began, the State specifically asked the court to admonish the witnesses and make sure that Bell did not relay messages to witnesses that could potentially testify. The State made this request because the prosecutor received information that Bell's sister planned on passing information regarding the trial to Bell's mother. The State invoked the Rule, and the trial court admonished the witnesses.

When defense counsel called Bell's mother to testify, the State objected on the ground that she had violated Rule 614 because she had been in constant communication with Bell and Bell had relayed information to her regarding the events of the trial, including the details of a witness's testimony. Bell's mother acknowledged that she had been admonished under the Rule and that it had been explained to her that she could not discuss matters that occurred in the court proceedings with anyone. She admitted that her son told her about the proceedings, including certain testimony, and that she watched the news and read information online concerning the trial.

The trial court noted that it had instructed the witnesses to not allow anyone to talk to them about the trial. The witnesses were further instructed to stop the conversation immediately and report the incident to the court.

The trial court found that Bell's mother violated Rule 614 and did not allow her to testify. Bell concedes that his mother violated the Rule, but argues that, because her knowledge of what happened during the guilt/innocence phase did not affect her testimony for the punishment phase, she should not have been disqualified. We disagree. While the knowledge she gained when she violated the Rule may not have affected the testimony she planned to give, the trial court did not abuse its discretion under the test in *Webb*. Here, the violation of the Rule occurred because of the defendant. Bell, himself, told his mother about the events of the trial. In addition, Bell's mother's testimony was not crucial to the defense. Outside the jury's presence, Bell's mother testified regarding Bell's upbringing, his battle with drugs, the steps he was taking to end that battle, and the fact that he had support from his family. After Bell's mother was disqualified, defense counsel called Bell's stepfather to testify. His testimony provided the same information to the jury. The trial court did not abuse its discretion when it disqualified Bell's mother as a witness. We overrule Bell's second issue.

We affirm the judgments of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


September 26, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

6